[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

No. 07-13667
Non-Argument Calendar
_____

D. C. Docket No. 07-00007-CR-5-RS-LB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERRY LEONARD JOHNSON,
a.k.a. P.J.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 19, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Perry Johnson appeals his 236-month sentence for conspiracy to possess with

intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§

841(a)(1), 846, and possession with intent to distribute five grams or more of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). On appeal, Johnson argues that the district court erred by enhancing his offense level by two levels, pursuant to U.S.S.G. § 3B1.1(c), based on his managerial role. After careful review, we affirm.

We review a district court's factual findings regarding a defendant's role in the offense for clear error. United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005). We do not require a district court "to make any specific findings other than the ultimate determination of the defendant's role in the offense." United States v. DeVaron, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

Section 2D1.1 of the United States Sentencing Guidelines assigns: (1) a base offense level of 38 to a defendant who is accountable for 1.5 or more kilograms of cocaine base; and (2) a base offense level of 32 to a defendant who is accountable for at least 50 grams but less than 150 grams of cocaine base. U.S.S.G. § 2D1.1(c)(1)(4) (2006). Section 3B1.1(c) of the United States Sentencing Guidelines provides for a two-level enhancement if a "defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in [subparagraphs] (a) or (b)." U.S.S.G. § 3B1.1(c). Among other factors, a court should consider:

the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Id. comment. (n.4). However, each factor does not need to be present to support the enhancement. Ramirez, 426 F.3d at 1356.

In the instant case, the record evidence amply supports the enhancement. Notably, Johnson recruited and directed accomplices in the conspiracy. Cf. United States v. Jimenez, 224 F.3d 1243, 1251 (11th Cir. 2000) (affirming § 3B1.1(c) enhancement where defendant asserted control or influence over co-conspirator during the course of the conspiracy); United States v. Ramsdale, 61 F.3d 825, 830 (11th Cir. 1995) (affirming § 3B1.1(c) enhancement where the defendant recruited an accomplice who followed the defendant's instructions and received drugs at a discount as compensation). He also claimed a greater share of the proceeds, planned offense conduct, and was involved in all levels of the offense conduct. On this record, the district court did not clearly err by applying the two-level enhancement under U.S.S.G. § 3B1.1(c).

**AFFIRMED**.